

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-75,864-03

### EX PARTE BARTHOLOMEW ANTONIO GUZMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1053411-A IN THE 262ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. ALCALA, J., not participating.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child and sentenced to ninety years' imprisonment. The First Court of Appeals affirmed his conviction. *Guzman v. State*, No. 01-06-00946-CR (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Applicant contends, among other things, that trial counsel rendered ineffective assistance because he failed to investigate whether the complainant's injuries were caused by a fall in a bathtub. In support of his claim, Applicant attached a sworn affidavit from John Plunkett, M.D. On

September 9, 2013, we remanded this application and directed the trial court to determine whether Plunkett's affidavit was credible, counsel's conduct was deficient, and Applicant was prejudiced. On remand, the trial court found that Plunkett's affidavit was not credible and held no evidentiary value. It also concluded that counsel's decision not to investigate whether the complainant's injuries were caused by the fall in the bathtub was not deficient. It recommended that we deny relief.

We believe that the record is not adequate to resolve Applicant's claim. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law on the level and scope of Plunkett's expertise. *See Ex parte Henderson*, 384 S.W.3d 833, 834 (Tex. Crim. App. 2012). The trial court shall also make further findings and conclusions, with supporting evidence or testimony, on whether Plunkett's opinion, as stated in his affidavit, would have been admissible as expert testimony when Applicant was tried in 2006. *See Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992). Finally, if the trial court concludes that this testimony would have been admissible in 2006, it shall make further findings and conclusions on whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings and

conclusions that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 17, 2014
Do not publish